U.S. DISTRICT COURT
DISTRICT OF WYOMING
MAY 16 2006
10:54 a.m.
Stephan Harris, Clerk
Cheyenne

UNITED STATES DISTRICT COURT
DENVER COLORADO
MAY 17 2006
GREGORY C. LANGHAM
CLERK

# United States District Court
## For The District of Colorado

Civil Action No. 84-CR-0337

UNITED STATES OF AMERICA,

Plaintiff,

v.

GERALD L. ROGERS,

Defendant.

---

### Order Denying Defendant's Successive Motion under 28 U.S.C. § 2255

This matter comes before the Court on Defendant Gerald L. Rogers's motion to void the judgment of conviction against him pursuant to Fed. R. Civ. P. Rule 60(b)(4). This motion is equivalent to a motion for reduction of sentence pursuant to 28 U.S.C. § 2255.

In a jury trial before the Honorable Sherman G. Finesilver, Defendant Rogers was convicted of multiple counts of mail fraud and securities fraud. Judgment was entered on October 22, 1990, and the Defendant was sentenced to 25 years incarceration. In 1994, the Defendant filed a motion to reverse his conviction or correct his sentence under 28 U.S.C. § 2255 wherein he alleged miscellaneous misconduct by officers of this Court. This motion was denied, and Defendant Rogers was restrained from filing any further pleadings in which he made charges or accusations against any of the officers of this Court without first

obtaining the written consent of the Chief Judge of this Court.[1] ( See Order Denying Petitioner's Mot. to Reverse Conviction or Correct Sent., January 30, 1995.) Therefore, because Defendant Rogers previously sought relief under § 2255, this Court lacks jurisdiction to grant her current motion.

A district court may not consider a second motion under § 2255 until the defendant has obtained an order from the Tenth Circuit Court of Appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2255, 2244; see also United States v. Avila-Avila, 132 F.3d 1347, 1348-49 (10th Cir. 1997) (holding that the district court lacked jurisdiction to decide a second § 2255 motion where the defendant failed to obtain prior appellate court authorization to file the motion). Defendant Rogers has not provided this Court with the required authorization and his motion must accordingly be denied.

NOW THEREFORE, IT IS HEREBY ORDERED that the Defendant's motion under § 2255 is DENIED.

Dated this 16th day of May, 2006.

_____
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION

---

[1] Defendant's current motion does not make any new allegations of misconduct, but it does repeat the previous allegations. Since the Court does not have jurisdiction over this successive § 2255 motion, it does not address whether Defendant Rogers has violated this Court's previous order limiting his filings.